IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES LIMA, | ) | CIVIL NO. 15-00242 KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION OF |
| vs. | ) | ORDER FILED APRIL 25, 2017 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION; EDUCATIONAL CREDIT | ) | |
| MANAGEMENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER FILED APRIL 25, 2017

Before the Court is Plaintiff Charles Lima's ("Plaintiff") Motion for Reconsideration of Order Filed April 25, 2017, filed May 4, 2017. Defendant Educational Credit Management Corporation ("ECMC") filed an Opposition on May 18, 2017 and Plaintiff filed a Reply on May 29, 2017. This matter is suitable for disposition without a hearing pursuant to Rule 7.2(e) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). For the reasons articulated below, the Court HEREBY DENIES Plaintiff's Motion.

BACKGROUND

On April 25, 2017, this Court issued an Order: (1) Denying Plaintiff's Motion for Summary Judgment and (2) Granting Defendant Educational Credit Management Corporation's Motion for Summary Judgment ("SJ Order"), wherein the Court made the following pertinent findings and/or conclusions: 1) 31 U.S.C.

§ 3716 does not provide a private cause of action; 2) ECMC is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), but even if it was, the fiduciary exception set forth in 15 U.S.C. § 1692a(6)(F)(i) would preclude liability because ECMC is a guaranty agency that owes a fiduciary duty to the Department of Education ("DOE") and its actions were incidental to its fiduciary obligation; 3) Plaintiff's Fifth Amendment Due Process claim failed as a matter of law because ECMC is not a governmental actor and its actions did not constitute federal action; 4) none of the factors relevant to the inquiry of whether to exercise supplemental jurisdiction favored retaining jurisdiction as to Plaintiff's conversion claim, and even if the Court exercised supplemental jurisdiction, it would grant summary judgment in ECMC's favor on the claim; and 5) given the granting of ECMC's motion, there were no claims remaining upon which to award the relief sought via Plaintiff's motion.  Doc. No. 100.

ANALYSIS

Plaintiff seeks reconsideration of this Court's SJ Order pursuant to Local Rule 60.1(c) and Federal Rule of Civil Procedure ("FRCP") 60(b)(1) and (6).  Plaintiff argues that the Court erred in three respects:  1) by failing to determine whether or not ECMC is a holder of the Notes and misrelying on evidence; 2) by finding that ECMC was not liable under the FDCPA; and 3) deciding matters not pleaded; namely that the Court

summarily transformed the basis of the garnishment.

Local Rule 60.1 provides three grounds for reconsideration of <u>interlocutory orders</u>:

>   (a) Discovery of new material facts not previously available;
>   (b) Intervening change in law;
>   (c) Manifest error of law or fact.

Local Rule 60.1. Insofar as Local Rule 60.1 pertains to interlocutory orders, it is inapplicable to the SJ Order.

FRCP 60(b) permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:[1]

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

---

[1] Although Plaintiff relies on FRCP 60(b)(1) and (6), he has not provided the applicable legal standard for either. He cites "surprise" as a basis for reconsideration pursuant to FRCP 60(b)(1). FRCP 60(b)(1) is most commonly utilized in the context of "excusable neglect".

3

Fed. R. Civ. P. 60(b). Rule 60 reconsideration is generally appropriate in three instances: 1) when there has been an intervening change of controlling law; 2) new evidence has come to light; or 3) when necessary to correct a clear error or prevent manifest injustice. Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993); Sierra Club, Haw. Chapter v. City & Cty. of Honolulu, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.").

Surprise under FRCP 60(b)(1) "may be found in circumstance[s] where there is some reason for confusion or misunderstanding by the parties." In re Walker, 332 B.R. 820, 829 (Bankr. D. Nev. 2005) (citing 12 James Wm. Moore, et. al., Moore's Fed. Practice 3d ¶ 60.41[1][a] (2005)).

FRCP 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Cmty. Dental Servs. v. Tani, 282 F.3d 1164,

4

1168 (9th Cir. 2002); <u>In re Wilson</u>, 349 B.R. 831, 836 (Bankr. D. Idaho 2006) (citation omitted) ("To qualify for relief under Rule 60(b)(6), a moving party must 'show both injury and that circumstances beyond its control prevented timely action to protect its interests.  Neglect or lack of diligence is not to be remedied through Rule 60(b)(6).'").

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals.  "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." <u>Jacob v. United States</u>, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing <u>Decker Coal Co. v. Hartman</u>, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted).  Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration.  <u>White v. Sabatino</u>, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing <u>Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572 (D. Haw. 1988)); <u>Haw. Stevedores, Inc. v. HT & T Co.</u>, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enters., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th

Cir. 2000)).

The provisions relied upon by Plaintiff do not provide bases for reconsideration.[2] Plaintiff has not adduced any reason for confusion or misunderstanding by the parties that would constitute "surprise" or identified extraordinary circumstances

---

[2] Plaintiff filed an Amended Motion for Reconsideration in an effort to add FRCP 60(b)(3) and FRCP 59(e) as bases for reconsideration. The Court denied the Amended Motion because Plaintiff filed it after ECMC filed its Opposition and because it merely listed the foregoing rules; it did not explain how they applied or why they supported reconsideration. Even if Plaintiff had included these rules with the instant Motion, he would not be entitled to reconsideration for the reasons discussed in this order.

A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court: 1) is presented with newly discovered evidence; 2) has committed clear error; or 3) if there is an intervening change in the controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Plaintiff's allegations of error are unfounded, and he has not presented newly discovery evidence nor has there been an intervening change in controlling law.

"To prevail [under FRCP 60(b)(3)], the moving party must prove by clear and convincing evidence that the [order or judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (citation omitted). FRCP 60(b)(3) "require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." Id. (citation and quotations omitted) (alteration in original). Having failed to identify any fraud, misrepresentation, or misconduct on the part of ECMC that prevented him from fairly presenting a defense, it would be impossible for Plaintiff to prove that the SJ Order or judgment was obtained as a result of such conduct, much less by clear and convincing evidence. Unsupported allegations of fraud or misrepresentation do not suffice.

that prevented him from taking timely action to prevent or correct an erroneous judgment.

Moreover, as detailed below, Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Plaintiff rehashes the same arguments presented in connection with the summary judgment motions.

The Court addresses each of Plaintiff's arguments in turn.

I. <u>Manifest Error of Fact</u>

Plaintiff first alleges that the Court manifestly erred by misrelying on the evidence presented by ECMC and ignoring his evidence. Plaintiff insists that the issue of holdership had to be determined as an initial matter. As explained in the SJ Order, the Court ruled on the claims in the Complaint and nothing more. Plaintiff's contention that his submissions were ignored and not given due weight is speculative, at best.[3] The Court considered all of the evidence presented by the parties and the fact that Plaintiff did not prevail does not entitle him to reconsideration.

---

[3] Plaintiff again cites to ECF PageID #s, even though the Court admonished that it was improper to do so. SJ Order at 21 n.10 ("ECF citations should reference the applicable document number on the docket, not the Page ID#."). It is extremely cumbersome to locate citations by ECF PageID #. Any citations should refer to the docket number and applicable page number of the referenced document.

II. <u>Manifest Error of Law</u>

Plaintiff secondly challenges the SJ Order on the basis that the Court's findings with respect to his FDCPA claim are contrary to Ninth Circuit precedent. According to Plaintiff, the Court erroneously relied on an agreement between NYHESC and ECMC in determining that ECMC owed a fiduciary duty to DOE. A plain reading of the SJ Order establishes otherwise.

> As already discussed in the preceding section, ECMC obtained all right, title, and interest in Plaintiff's Notes upon assignment of the same by NYHESC pursuant to the agreement between the DOE and ECMC. ECMC's CSF, Ex. 4. In accordance with that same agreement, ECMC acceded to "assume additional tasks involving the transfer from other guaranty agencies to ECMC of certain FFEL Program loans where a collection judgment has been obtained." <u>Id.</u> What is more, following assignment, ECMC assumed all guarantor responsibilities for Plaintiff's Notes and other judgment accounts. <u>Id.</u>, Ex. 5; <u>Rowe II</u>, 730 F. Supp. 2d at 1288-89 ("Even though the student loans at issue in this case were already in default at the time ECMC became the guarantee agency for the State of Oregon, it did assume all the fiduciary obligations of the previous guaranty agency.").
>
> The agreement between NYHESC and ECMC concerning the transfer of judgment accounts describes ECMC as having been "created under the direction of [DOE] to provide specialized guarantor services to [DOE] pursuant to FFEL Program including accepting transfer of title to certain student loan judgment accounts by entering into agreements with other FFEL guarantors, such as [NY]HESC." ECMC's CSF, Ex. 5. This is consistent with the DOE's designation and identification of ECMC as a guaranty agency. Guaranty Agency Contact List, https://ifap.ed.gov/drmaterials/attachments/appa.pdf (last visited Apr. 25, 2017); <u>Bennett II</u>, 504 Fed. Appx. at 877

8

> (relying in part on the list of guaranty agencies posted on DOE's official website). For these reasons, the Court finds that ECMC is a guaranty agency and as such, it owes a fiduciary duty to DOE.

SJ Order at 19-20. The above passage demonstrates that the Court's evaluation of whether ECMC is a guarantee agency turned on: 1) the agreement between DOE and ECMC; 2) the agreement between NYHESC and ECMC; and 3) DOE's identification of ECMC as a guaranty agency. In determining guaranty agency status, the Court did exactly what Plaintiff accuses it of failing to do; that is, it considered the facts of the case. Mot. at 4-5 ("The Order's treatment of the guarantor issue flies in the face of Ninth Circuit precedent which instructs that the issue of guarantor is to be determined by the facts of the case."). Therefore, Plaintiff's argument is wholly without merit.

Plaintiff additionally challenges this Court's analysis with respect to the issue of whether ECMC's actions were incidental to its fiduciary obligation. As he has throughout these proceedings, Plaintiff advances conclusory assertions without any detailed discussion. The entirety of his argument can be found in a single sentence - "In further finding that the collection was incidental to a guaranty agency's fiduciary duty, the Order again contravenes the Ninth Circuit's admonishments and findings in *Rowe*." Mot. at 5. Mere disagreement with the SJ Order is not a sufficient basis for reconsideration. In the

9

absence of any analysis by Plaintiff, it is unclear how the Court purportedly erred, other than reaching a conclusion adverse to Plaintiff.

III. Deciding Matters not Pleaded

Finally, Plaintiff challenges what he believes is an improper transformation of the basis for the garnishment and accuses the Court of denying him the ability to present a defense to claims raised by ECMC, going so far as to say that this amounted to a denial of due process.[4]  In his Reply, Plaintiff claims to have been unfairly surprised[5] that the SJ Order found as facts allegations that were not pled as defenses or counterclaims.  The Court already considered and rejected Plaintiff's contention that ECMC was required to assert a counterclaim. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Haw. 2003) ("Reiteration of arguments originally made in support of, or in opposition to, a motion for summary judgment do not provide a valid basis for reconsideration." ).

> Plaintiff continues to challenge the very
> existence of a the debt upon which the
> administrative offset is based.  He also submits
> that the Notes were required to have been the
> subject of a compulsory counterclaim pursuant to
> FRCP 13.  These issues do not preclude the entry
> of summary judgment in ECMC's favor.  To start,

---

[4]  Ironically, Plaintiff simultaneously accuses the Court of neglecting to resolve his unpled claims.

[5]  Plaintiff use of "unfair surprise" is inconsistent with FRCP 60(b)(1)'s use of "surprise".

10

> Plaintiff has been presented with the Notes in
> response to his multiple inquiries about the basis
> of the debt owed and ECMC justifiably submitted
> the Notes as evidence to counter Plaintiff's
> allegation that there was no basis for
> administrative offset. <u>More importantly, however,
> the claims asserted by Plaintiff do not involve
> the resolution of the debt owed.</u>[] Bennett v.
> Premiere Credit of N. Am. ("<u>Bennett I</u>"), No. 4:11-
> cv-124, 2012 WL 1605108, at **6-7 (S.D. Ga. May 8,
> 2012), <u>aff'd</u> <u>Bennett II</u>, 504 Fed. Appx. at 872
> ("The Court's hypothetical determination of
> whether a debt collection counterclaim would be
> compulsory or permissive would have no effect on
> the Court's resolution of Bennett's claims. As
> discussed, *supra*, Bennett has not demonstrated any
> entitlement to relief on any of the claims alleged
> in her complaint."). In any event, no claims
> remain upon which to award any remedy or relief.

SJ Order at 32-33 (emphasis added). The Court further stated that:

> <u>If anything, resolution with respect to the
> existence or amount of the debt should be raised
> at the administrative level</u>. <u>See</u>, <u>e.g.</u>, 34 C.F.R.
> § 30.24 (identifying opportunities for the debtor
> to obtain review of the existence or amount of a
> debt); <u>cf.</u> <u>Bennett II</u>, 504 Fed. Appx. at 879
> (citing available administrative rights,
> procedures, and remedies pursuant to the HEA
> concerning the existence or amount of the
> plaintiff's debt in the context of administrative
> wage garnishment).

<u>Id.</u> at 33 n.17 (emphasis added). Plaintiff's disagreement with the Court's ruling cannot provide a basis for reconsideration. In fact, it was Plaintiff who attempted to obtain rulings that extended beyond the face of the Complaint. The fact that the Court limited its analysis to the four claims asserted in the Complaint, with the resulting rulings unsatisfactory to

11

Plaintiff, does not amount to error or "surprise".

Plaintiff contends in his Reply that the amount of the debt owed was the essence of the Complaint. Yet the Complaint contains no <u>claims</u> concerning the amount of the debt owed. To bolster his position, Plaintiff points to arguments and relief requested in his motion for summary judgment - that he characterizes as claims - but none have been pled as <u>claims/causes of action</u> in the Complaint.[6] Requests for relief that are presented in a summary judgment motion are not causes of action in the litigation without having been pled in the Complaint. As the Court noted in the SJ Order, Plaintiff explained that his requests for relief in his motion for summary judgment could be found in paragraph 1 of his <u>prayer for relief</u> in the Complaint. SJ Order at 32 n.15. Not only is this a concession that those requests for relief were not pled as formal claims in the Complaint, paragraph 1 in the prayer for relief does not even include the dispositive relief sought in

---

[6] In his Reply, Plaintiff referenced 3 of the 4 requests for relief set forth in his motion for summary judgment:

> 1) he has no obligation to ECMC based on an alleged note dated January 29, 1979;14 2) ECMC failed to produce a copy of the note or inform him of the nature and amount of the debt prior to the commencement of the administrative offset of his Social Security benefits or at anytime thereafter as required by § 3716; 3) the note does not exist and/or there is no evidence of the loan.

Reply at 8.

Plaintiff's motion for summary judgment:

> WHEREFORE, Plaintiff requests that this Honorable Court:
>
> 1. Grant a Judgment declaring the Plaintiff's loan obligation, if any, if not a federal student loan or a claim of the United States Government as contemplated by 31 USC § 3711 [sic] and, accordingly, not subject to Administrative Offset under 31 USC § 3716 [sic].

Compl. at 7. The Court cannot be faulted for failing to address non-existent claims and Plaintiff cannot reasonably claim "unfair surprise" that the Court's analysis was limited to the four claims set out in the Complaint. Plaintiff has not explained, how the Court could award declaratory or other relief with no claims remaining, much less with respect to requests for relief that were not asserted as causes of action. Cf. Fauley v. Wash. Mut. Bank FA, No. 3:13-CV-00581-AC, 2014 WL 1217852, at *9 (D. Or. Mar. 21, 2014) (concluding that the plaintiff's claim for injunctive relief "is actually a prayer for relief which the court may consider only after adjudicating her substantive causes of action"); Capodiece v. Wells Fargo Bank, No. C 13-00032 WHA, 2013 WL 1962310, at *7 (N.D. Cal. May 10, 2013) (finding that the plaintiffs' requests for declaratory and injunctive relief are types of remedies, not independent claims, and that "declaratory and injunctive relief may be sought as part of their prayer for relief – not as independent claims for relief").

At the heart of Plaintiff's misunderstanding about the evaluation of his claims is his belief, though erroneous, that the holder issue or existence and/or amount of the debt bore on his claims. It is clear, based on his claims and allegations, that Plaintiff's reliance on the statutory and constitutional provisions in the Complaint was misplaced. Even assuming, *arguendo*, that Plaintiff obtained favorable rulings with respect to certain requests for relief in his motion for summary judgment, he would not prevail with respect to the four claims in the Complaint because those claims were not predicated on the amount and/or existence of the debt. Plaintiff persists with arguments that he already presented in connection with the summary judgment motion. Said arguments were not compelling then, nor are they now.

In sum, Plaintiff has failed to present a basis for reconsideration, much less facts or law of a strongly convincing nature to induce the Court to reconsider its prior decision. Although Plaintiff clearly challenges the Court's SJ Order, mere disagreement with the Court's analysis is insufficient to warrant reconsideration.

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion for Reconsideration of Order Filed April 25, 2017, filed May 4, 2017.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, May 31, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 15-00242 KSC; LIMA V. UNITED STATES DEPARTMENT OF EDUCATION, ET AL.; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER FILED APRIL 25, 2017